**Chris HALL, on behalf of himself and all other persons similarly situated, Appellant,**

v.

**Tom DALTON, City Manager of Little Rock, Arkansas; Louie Caudell, Chief of Police of Little Rock, Arkansas; Julius Bryant, Officer in charge of Little Rock City Jail; F.G. Villines, Member of the Little Rock City Board, individually and in his official capacity; J.W. Benafield, also known as Buddy Benafield, Member of the Little Rock City Board, individually and in his official capacity; Cyril Hollingsworth, Member of the Little Rock City Board, individually and in his official capacity; Charles Bussey, Member of the Little Rock City Board, individually and in his official capacity; Lottie L. Shackleford, Member of the Little Rock City Board, individually and**

in her official capacity; Jim Dailey, Member of the Little Rock City Board, individually and in his official capacity; Sharon Priest, Member of the Little Rock City Board, individually and in her official capacity, Appellees.

No. 93–3411.

United States Court of Appeals, Eighth Circuit.

Submitted June 17, 1994.

Decided Sept. 1, 1994.

Bill Luppen, Little Rock, AR, argued, for appellant.

Thomas M. Carpenter, Little Rock, AR, argued (Thomas M. Carpenter and Jeanette L. Hamilton, on the brief), for appellees.

Before RICHARD S. ARNOLD, Chief Judge, WOLLMAN, Circuit Judge, and HAMILTON, District Judge.*

RICHARD S. ARNOLD, Chief Judge.

Chris Hall, a former pre-trial detainee in the Little Rock city jail, appeals the decision of the District Court finding that Hall's conditions of confinement did not violate his constitutional rights and dismissing his 42 U.S.C. § 1983 claim. Because, in another case, the District Court had already correctly determined that the jail's conditions during the time of Hall's confinement violated the Constitution, we reverse and remand for further proceedings.

I.

The facts in this case are not in dispute. Hall was arrested for shoplifting and placed in the Little Rock city jail on December 1, 1989. He was in jail for 40 days, confined to a windowless cell twenty-four hours a day. During much of that time, Hall shared a two-person cell with three other individuals, which provided 14.22 square feet of space per person. Although he was suffering from painful injuries, Hall was required to sleep on the floor of the cell. Hall then filed this suit under 42 U.S.C. § 1983, contending that his conditions of confinement were constitutionally inadequate, because of overcrowding and insufficient opportunity for exercise, among other things.[1]

---

* The Hon. Jean C. Hamilton, United States District Judge for the Eastern District of Missouri, sitting by designation.

1. Hall also made a claim based on the treatment of injuries he sustained while trying to escape from the jail. Hall does not appeal the dismissal of this claim. However, the facts surrounding the medical treatment claim may be relevant to the question of what damages Hall suffered from the unconstitutional conditions in the jail.

At trial, the parties stipulated to the testimony and evidence from a separate case concerning conditions in the Little Rock city jail. *Daniels v. Dalton,* No. LR–C–91–698 (E.D.Ark., Dec. 21, 1992) (slip op.). Among other findings in *Daniels,* the District Court calculated that, at bed capacity, detainees were provided a rough maximum of 28.35 square feet of space each, and often less during frequent periods of overcrowding. Detainees had "little or no opportunity for exercise" and could "do little more than sit or lie in their beds." *Id.* at 5. Meals were served inside the cells, where showers, lavatories, and toilets were also used. The *Daniels* Court determined that the jail conditions violated due process under the Fourteenth Amendment. The defendants did not appeal.

After a bench trial in the present case, the District Court, with another judge presiding, dismissed all of Hall's claims with prejudice. *Hall v. Dalton,* No. LR–C–90–8 (E.D.Ark., Aug. 30, 1993) (slip op.). The Court reasoned that Hall had introduced no evidence regarding the effect the overcrowding had on him personally, and therefore could not demonstrate the requisite extreme deprivation under the relevant standards. Hall appealed to this Court.

## II.

■ Because Hall was, at the time of his incarceration, "a convicted felon under a California sentence," the District Court applied the Eighth Amendment in assessing the plaintiff's claims. However, Hall was jailed in Little Rock to face the Arkansas shoplifting charge. Therefore, the due process standard of the Fourteenth Amendment applies. *Bell v. Wolfish,* 441 U.S. 520, 535 & n. 16, 99 S.Ct. 1861, 8 n. 16, 60 L.Ed.2d 447 (1979); *Campbell v. Cauthron,* 623 F.2d 503, 505 (8th Cir.1980). Thus far, however, in this Circuit, the standards applied to Eighth Amendment and Fourteenth Amendment claims have been the same. *Whitnack v. Douglas County,* 16 F.3d 954, 957 (8th Cir.1994).

In *Campbell v. Cauthron, supra,* 623 F.2d at 506–07, this Court found that the Sebas-

tian County, Arkansas, jail violated the rights of pre-trial detainees who had as little as eighteen square feet apiece in which to live. In that jail, as in the Little Rock jail, most prisoners were under 24–hour lockdown, although they were released from their cells three times a week for fifteen to thirty minutes in order to shower and exercise. *Id.* at 506. In fashioning a remedy covering both pre-trial detainees and convicted prisoners, we determined that, when detainees were held for a week or less, and confined to their cells more than sixteen hours per day, the maximum number of inmates per 130 to 154–square foot cell would be four (a minimum of 32.5 square feet apiece); for those held longer than one week, the maximum would be three (43.3 square feet). *Id.* at 507.[2]

■ On the basis of a proper application of the *Campbell* standards, the exercise conditions and overcrowding of the Little Rock City jail during the period of Hall's confinement have already been found to violate due process. *Daniels v. Dalton, supra,* slip op. at 11–12. It is uncontested that the conditions found unacceptable in *Daniels* are the same as those faced by Hall. Given that the *Daniels* Court's finding was based on a well-established, objective standard, we hold that the District Court erred in requiring a further, individualized showing to prove that Mr. Hall's due-process rights were violated.[3]

The City contends that Hall has failed to prove any actual damages. We remand for the purpose of determining, on the basis of the entire record, whether this is so. Even if it is, Hall is entitled to a finding of liability and nominal damages for the violation of his constitutional rights. *Westborough Mall, Inc. v. City of Cape Girardeau,* 794 F.2d 330, 339 (8th Cir.1986), *cert. denied,* 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 688 (1987).

It is so ordered.

---

**2.** We also required that, ordinarily, inmates confined to their cells for more than sixteen hours per day must be given an opportunity to exercise at least one hour daily. *Ibid.*

**3.** Moreover, the defendants in this case, or their privies, were the losing parties in *Daniels.* They are bound by the holding in that case.